# EXHIBIT "A" – RELEVANT STATUTES AND REGULATIONS

## (a) All Professional Services Defendants

### *i. New York Insurance Law § 403*

Prohibitions. (a) In this article, "fraudulent insurance act" means insurance fraud as defined in section 176.05 of the penal law; and the terms "personal insurance" and "commercial insurance" shall have the same meaning ascribed to them by section 176.00 of such law. (b) For the purpose of section one hundred nine of this chapter, it is a violation of this chapter for any individual, firm, association or corporation subject to the provisions of this chapter to commit a fraudulent insurance act or a fraudulent life settlement act. (c) In addition to any criminal liability arising under the provisions of this section, the superintendent shall be empowered to levy a civil penalty not exceeding five thousand dollars and the amount of the claim for each violation upon any person, including those persons and their employees licensed pursuant to this chapter, who is found to have: (i) committed a fraudulent insurance act, fraudulent life settlement act or otherwise violates the provisions of this section; or (ii) knowingly and with intent to defraud files, makes, or assists, solicits or conspires with another to file or make an application for a premium reduction, pursuant to subsection (a) of section two thousand three hundred thirty-six of this chapter, containing any materially false information or which, for the purpose of misleading, conceals information concerning any fact material thereto. (d) All applications for commercial insurance, individual, group or blanket accident and health insurance and all claim forms, except as provided for in subsection (e) of this section, shall contain a notice in a form approved by the superintendent that clearly states in substance the following: "Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation." (e) All applications for automobile insurance and all claim forms shall contain a notice, in a form approved by the superintendent, that clearly states in substance the following: "Any person who knowingly makes or knowingly assists, abets, solicits or conspires with another to make a false report of the theft, destruction, damage or conversion of any motor vehicle to a law enforcement agency, the department of motor vehicles or an insurance company, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the value of the subject motor vehicle or stated claim for each violation." (f) In this article, "fraudulent life settlement act" means a fraud as defined in section 176.40 of the penal law.

### *ii. New York Penal Law § 176.05*

> A fraudulent insurance act is committed by any person who, knowingly and with intent to defraud presents, causes to be presented, or prepares with knowledge or belief that it will be presented to or by an insurer, self insurer, or purported insurer, or purported self insurer, or any agent thereof: 1. any written statement as part of, or in support of, an application for the issuance of, or the rating of a commercial insurance policy, or certificate or evidence of self insurance for commercial insurance or commercial self insurance, or a claim for payment or other benefit pursuant to an insurance policy or self insurance program for commercial or personal insurance that he or she knows to: (a) contain materially false information concerning any fact material thereto; or (b) conceal, for the purpose of misleading, information concerning any fact material thereto;…

***iii. New York Insurance Law § 5104(a)***

> Notwithstanding any other law, in any action by or on behalf of a covered person against another covered person for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right of recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss. The owner, operator or occupant of a motorcycle which has in effect the financial security required by article six or eight of the vehicle and traffic law, or which is referred to in subdivision two of section three hundred twenty-one of such law, shall not be subject to an action by or on behalf of a covered person for recovery for non-economic loss, except in the case of a serious injury, or for basic economic loss.

***iv. New York Insurance Law § 5102*(a), (d) and (g)**

> (a) "Basic economic loss" means, up to fifty thousand dollars per person of the following combined items, subject to the limitations of section five thousand one hundred eight of this article:
>
>> (1) All necessary expenses incurred for: (i) medical, hospital (including services rendered in compliance with article forty-one of the public health law, whether or not such services are rendered directly by a hospital), surgical, nursing, dental, ambulance, x-ray, prescription drug and prosthetic services; (ii) psychiatric, physical therapy (provided that treatment is rendered pursuant to a referral) and occupational therapy and rehabilitation (provided that treatment is rendered pursuant to a referral); (iii) any non-medical remedial care and treatment rendered in accordance with a religious method of healing recognized by the laws of this state; and (iv) any other professional health services; all without limitation as to time, provided that within one year after the date of the accident causing the injury it is ascertainable that further expenses may be incurred as a result of the injury. For the purpose of determining basic economic loss, the expenses incurred under this paragraph shall be in accordance with the limitations of section five thousand one hundred eight of this article.

(2) Loss of earnings from work which the person would have performed had he not been injured, and reasonable and necessary expenses incurred by such person in obtaining services in lieu of those that he would have performed for income, up to two thousand dollars per month for not more than three years from the date of the accident causing the injury. An employee who is entitled to receive monetary payments, pursuant to statute or contract with the employer, or who receives voluntary monetary benefits paid for by the employer, by reason of the employee's inability to work because of personal injury arising out of the use or operation of a motor vehicle, is not entitled to receive first party benefits for "loss of earnings from work" to the extent that such monetary payments or benefits from the employer do not result in the employee suffering a reduction in income or a reduction in the employee's level of future benefits arising from a subsequent illness or injury.

(3) All other reasonable and necessary expenses incurred, up to twenty-five dollars per day for not more than one year from the date of the accident causing the injury.

(d) "Serious injury" means a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

(g) "Insurer" means the insurance company **or self-insurer**, as the case may be, which provides the financial security required by article six, eight, or forty-four-B of the vehicle and traffic law.

***(b)*** **<u>Legal Services Defendants</u>**

***i. New York Judiciary Law § 477***

Settlement of actions for personal injury. If, in an action commenced to recover damages for a personal injury or for death as the result of a personal injury, an attorney having or claiming to have a lien for services performed or to be performed who shall have appeared for the person or persons having or claiming to have a right of action for such injury or death, no settlement or adjustment of such action shall be valid, unless consented to in writing by such attorney and by the person or persons for whom he shall have appeared, or approved by an order of the court in which such action is brought.

### *ii. New York Judiciary Law § 479*

Soliciting business on behalf of an attorney. It shall be unlawful for any person or his agent, employee or any person acting on his behalf, to solicit or procure through solicitation either directly or indirectly legal business, or to solicit or procure through solicitation a retainer, written or oral, or any agreement authorizing an attorney to perform or render legal services, or to make it a business so to solicit or procure such business, retainers or agreements.

### *iii. New York Judiciary Law § 482*

Employment by attorney of person to aid, assist or abet in the solicitation of business or the procurement through solicitation of a retainer to perform legal services. It shall be unlawful for an attorney to employ any person for the purpose of soliciting or aiding, assisting or abetting in the solicitation of legal business or the procurement through solicitation either directly or indirectly of a retainer, written or oral, or of any agreement authorizing the attorney to perform or render legal services.

### *iv. New York Judiciary Law § 487*

An attorney or counselor who: 1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or, 2. Wilfully delays his client's suit with a view to his own gain; or, wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for, Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

### *v. New York Judiciary Law § 491*

1. It shall be unlawful for any person, partnership, corporation, or association to divide with or receive from, or to agree to divide with or receive from, any attorney-at-law or group of attorneys-at-law, whether practicing in this state or elsewhere, either before or after action brought, any portion of any fee or compensation, charged or received by such attorney-at-law or any valuable consideration or reward, as an inducement for placing, or in consideration of having placed, in the hands of such attorney-at-law, or in the hands of another person, a claim or demand of any kind for the purpose of collecting such claim, or bringing an action thereon, or of representing claimant in the pursuit of any civil remedy for the recovery thereof. But this section does not apply to an agreement between attorneys and counsellors-at-law to divide between themselves the compensation to be received.

### *vi. New York Codes, Rules and Regulations, Title 22, Part 1200.2(d)*

A lawyer shall not counsel a client to engage, or assist a client, in conduct

that the lawyer knows is illegal or fraudulent, except that the lawyer may discuss the legal consequences of any proposed course of conduct with a client.

***vii. New York Codes, Rules and Regulations, Title 22, Part 1200.5(g)***

A lawyer shall not divide a fee for legal services with another lawyer who is not associated in the same law firm unless:

(1) the division is in proportion to the services performed by each lawyer or, by a writing given to the client, each lawyer assumes joint responsibility for the representation;

(2) the client agrees to employment of the other lawyer after a full disclosure that a division of fees will be made, including the share each lawyer will receive, and the client's agreement is confirmed in writing; and

(3) the total fee is not excessive.

***viii. New York Codes, Rules and Regulations, Title 22, Part 1200.3.1***

(a) A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous. A lawyer for the defendant in a criminal proceeding or for the respondent in a proceeding that could result in incarceration may nevertheless so defend the proceeding as to require that every element of the case be established.

(b) A lawyer's conduct is "frivolous" for purposes of this Rule if:

(1) the lawyer knowingly advances a claim or defense that is unwarranted under existing law, except that the lawyer may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law;

(2) the conduct has no reasonable purpose other than to delay or prolong the resolution of litigation, in violation of Rule 3.2, or serves merely to harass or maliciously injure another; or

(3) the lawyer knowingly asserts material factual statements that are false.

***ix. New York Codes, Rules and Regulations, Title 22, Part 1200.3.3***

(a) A lawyer shall not knowingly:

(1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

(2) fail to disclose to the tribunal controlling legal authority known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

(3) offer or use evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false.

***x. New York Codes, Rules and Regulations, Title 22, Part 1200.3.3(a)***

A lawyer shall not:

(1) suppress any evidence that the lawyer or the client has a legal obligation to reveal or produce;

(2) advise or cause a person to hide or leave the jurisdiction of a tribunal for the purpose of making the person unavailable as a witness therein;

(3) conceal or knowingly fail to disclose that which the lawyer is required by law to reveal;

(4) knowingly use perjured testimony or false evidence;

(5) participate in the creation or preservation of evidence when the lawyer knows or it is obvious that the evidence is false; or

(6) knowingly engage in other illegal conduct or conduct contrary to these Rules;

***xi. New York Codes, Rules and Regulations, Title 22, Part 1200.4.1***

In the course of representing a client, a lawyer shall not knowingly make a false statement of fact or law to a third person.

***xii. New York Codes, Rules and Regulations, Title 22, Part 1200.8.4(a), (b), (c), (d) and (h)***

A lawyer or law firm shall not:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

(b) engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer;

> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
>
> (d) engage in conduct that is prejudicial to the administration of justice;
>
> (h) engage in any other conduct that adversely reflects on the lawyer's fitness as a lawyer.

***(c)* <u>Medical Services Defendants</u>**

***i. New York Education Law § 6530***

Each of the following is professional misconduct, and any licensee found guilty of such misconduct under the procedures prescribed in section two hundred thirty of the public health law shall be subject to penalties as prescribed in section two hundred thirty-a of the public health law except that the charges may be dismissed in the interest of justice:

> 17. Exercising undue influence on the patient, including the promotion of the sale of services, goods, appliances, or drugs in such manner as to exploit the patient for the financial gain of the licensee or of a third party;
>
> 18. Directly or indirectly offering, giving, soliciting, or receiving or agreeing to receive, any fee or other consideration to or from a third party for the referral of a patient or in connection with the performance of professional services;
>
> 19. Permitting any person to share in the fees for professional services, other than: a partner, employee, associate in a professional firm or corporation, professional subcontractor or consultant authorized to practice medicine, or a legally authorized trainee practicing under the supervision of a licensee. This prohibition shall include any arrangement or agreement whereby the amount received in payment for furnishing space, facilities, equipment or personnel services used by a licensee constitutes a percentage of, or is otherwise dependent upon, the income or receipts of the licensee from such practice, except as otherwise provided by law with respect to a facility licensed pursuant to article twenty-eight of the public health law or article thirteen of the mental hygiene law;
>
> 35. Ordering of excessive tests, treatment, or use of treatment facilities not warranted by the condition of the patient;

***ii. New York Codes, Rules and Regulations, Title 10, Part 755.3(b)***

The operator shall ensure that:

> a. all surgical procedures are performed in accordance with

current standards of professional practice.

***iii. New York Codes, Rules and Regulations, Title 10, Part 755.6***

The operator shall ensure that:

a. patients shall be admitted only under the care of a licensed and currently registered physician or dentist, who shall be a member of the staff. The patient's condition and provisional diagnosis shall be established on admission by the patient's physician or dentist;

***iv. New York Codes, Rules and Regulations, Title 10, Part 755.9***

In addition to the requirements set forth in section 751.8 of this Title, the operator shall ensure that there are reviews of the appropriateness and necessity of procedures performed, operative complications and circumstances leading to hospitalization.