UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FEDERAL EXPRESS CORPORATION,

Plaintiff,

-against-

IKHILOV LAW GROUP, P.C. d/b/a IKHILOV & ASSOCIATES; ZORIK "ERIK" IKHILOV; (Legal Services Providers) STAND-UP MRI OF MANHATTAN, P.C.; NEXRAY MEDICAL IMAGING, P.C. d/b/a SOUL RADIOLOGY; FAST CARE MEDICAL DIAGNOSTICS, PLLC; (Radiology Providers) NYC CARE PT, P.C.; GRAIG GRANOVSKY CHIROPRACTIC P.C.; APEX MEDICAL P.C.; COMPLETE CARE CHIROPRACTIC OF HARTSDALE, P.C. d/b/a COMPLETE CARE CHIROPRACTIC; MACINTOSH MEDICAL, P.C.; RUTLAND MEDICAL, P.C.; (Gatekeeper Providers) NEW YORK PAIN MANAGEMENT GROUP, PLLC; CONRAD F. CEAN, M.D.; ARDEN M. KAISMAN, M.D.; NEW YORK PM ASSOCIATES, INC.; ROCKLAND PAIN MANAGEMENT OF SPRING VALLEY, P.C.; (Pain Management Providers) ORTHOPAEDICS SPINE & SPORTS MEDICINE, LLC d/b/a TOTAL ORTHOPAEDICS & SPORTS MEDICINE; ALEXIOS APAZIDIS, M.D.; BAY RIDGE ORTHOPEDIC ASSOCIATES, P.C.; MICHAEL MURRAY, M.D.; WILLIAM L. KING, M.D., P.C. d/b/a NYC ORTHOPEDIC GROUP; WILLIAM L. KING, M.D.; (Surgical Providers) INTEGRATED SPECIALTY ASC LLC; ALL CITY FAMILY HEALTHCARE CENTER, INC.; (Ambulatory Surgery Center Providers); JOHN DOES 1–50,

Defendants.

MICHAEL MURRAY, M.D.,

Third-Party Plaintiff,

-against-

HOWARD BAUM, M.D.,

Third-Party Defendant.

26-cv-02859-JPO

**MICHAEL MURRAY, M.D.'S THIRD-PARTY <u>COMPLAINT</u>**

Defendant/Third-Party Plaintiff, MICHAEL MURRAY, M.D. ("Dr. Murray") by and through his undersigned counsel and pursuant to Rule 14(a) and (c) of the Federal Rules of Civil Procedure, hereby files this Third-Party Complaint against Third-Party Defendant, HOWARD BAUM, M.D. ("Dr. Baum" and/or "Third-Party Defendant"), and states as follows:

1. This Court has jurisdiction over this cause of action supplemental to the above-captioned main action and, in the alternative, has jurisdiction pursuant to Federal Rule of Civil Procedure 14(a) and 14(c).

2. Third-Party Plaintiff Dr. Murray is an individual residing in the State of New York.

3. Third-Party Defendant Dr. Baum, was and is upon information and belief an individual residing in the State of New York

4. Upon information and belief, Dr. Baum was and is the owner, operator, and/or manager of Defendant BAY RIDGE ORTHOPEDIC ASSOCIATES, P.C. ("Bay Ridge").

5. Dr. Murray entered into a business arrangement with Dr. Baum and Bay Ridge as an independent contractor whereby he would treat patients of Bay Ridge as requested by Dr. Baum.

6. When asked to treat a patient, Dr. Murray was given the patient records and information by Dr. Baum and Bay Ridge.

7. Dr. Murray then did an examination of the patient and determined the appropriate course of treatment based upon the medical records and information presented to him and his examination of the patient.

8. Dr. Murray has been named as a Defendant in the main action brought by Plaintiff FEDERAL EXPRESS CORPORATION ("FedEx" or "Plaintiff").

9. FedEx alleges causes of action against Dr. Murray under 18 U.S.C. § 1962(c) for participating on a RICO Enterprise, 18 U.S.C. § 1962(f) for participating on a RICO Conspiracy, common law fraud, unjust enrichment, aiding and abetting common law fraud, deceptive business practices under NY General Business Law § 349, and for a declaratory judgment declaring Defendants' activities illegal.

10. Those causes of action are based upon an alleged scheme to defraud FedEx by numerous lawyers and medical providers to stage accidents with FedEx trucks and then to work up the patient's medicals to improperly increase the costs and exaggerate the injuries so as to make the personal injury claims against FedEx more valuable.

11. Dr. Murray is alleged to have performed surgeries that were not medically necessary. Dr. Murray denies all of those allegations.

12. The surgeries that are alleged in the Complaint are all on patients that were referred to Dr. Murray by Dr. Baum and Bay Ridge.

13. In the event that it is determined that Plaintiff was damaged and any liability is imposed in Dr. Murray, the damages sustained by Plaintiff were caused by the conduct of Dr. Baum and Bay Ridge.

14. Dr, Murray has filed cross-claims against Bay Ridge on its Answer to the Complaint.

15. This Court has jurisdiction over Dr. Baum and these claims under 18 U.S.C. § 1367(a) claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**AS AND FOR ITS FIRST CAUSE OF ACTION AGAINST DR. BAUM FOR INDEMNIFICATION**

16. Dr. Murray repeats and reallges each of the foregoing paragraphs as if fully set forth herein.

17. In the event that it is determined that Plaintiff was damaged, the damages sustained by Plaintiff were caused by the conduct of Dr. Baum.

18. If Plaintiff sustained the damages as alleged in the Complaint, and if it is found that Dr. Murray is liable to the Plaintiff herein, all of which is specifically denied, then Dr. Murray is entitled to contribution and/or indemnification for all or part of any judgment or verdict or compromise rendered against it from Dr. Baum.

19. If Plaintiff was caused to sustain any damages at the times and place alleged in the Complaint, through any negligence, intentional acts and/or culpable conduct other than that of Plaintiff for which Dr. Murray is found liable, then said damages were caused, in whole or in part, by the negligence, recklessness, intentional acts and/or culpable conduct of Dr. Baum.

20. If Dr. Murray sustains damages as a result of this litigation, including but not limited to damages resulting from being held liable for any cause of action alleged, such damages are due, in whole or in part, to the negligence, recklessness, intentional acts and/or culpable conduct of Dr. Baum.

21. In such event, Dr. Baum shall be liable to Dr. Murray for the amount of damages sustained by Dr. Murray.

**AS AND FOR ITS SECOND CAUSE OF ACTION AGAINST DR. BAUM FOR CONTRIBUTION**

22. Dr. Murray repeats and reallges each of the foregoing paragraphs as if fully set forth herein.

23. This is a Cause of Action for contribution, brought pursuant to New York Civil Practice Law and Rules ("CPLR") § 1401, against Dr. Baum.

24. The substantive right to contribution asserted herein arises under New York law, CPLR § 1401, which this Court applies under the Erie doctrine to the extent the underlying claims are governed by New York substantive law.

25. Venue is proper in this District pursuant to 28 U.S.C. § 1391 for the reasons set forth in the Complaint.

26. Upon information and belief, Dr. Baum is a resident and/or citizens of the State of New York.

27. Dr. Murray denies any liability to Plaintiff and denies that it engaged in any culpable conduct causing or contributing to Plaintiff's alleged injuries or damages.

28. Upon information and belief, if Plaintiff sustained the damages alleged in the Complaint, such damages were caused, in whole or in part, by the culpable conduct, negligence, carelessness, and/or recklessness of Dr. Baum, including but not limited to: a failure to provide complete and accurate medical records and information regarding patients seen, examined, and treated by Dr. Murray.

29. To the extent that Dr. Baum had any contact with Dr. Murry, Dr. Baum owed a duty to Dr. Murray, which duty Dr. Baum breached as set forth above.

30. Pursuant to CPLR § 1401, two or more persons who are subject to liability for damages for the same injury may claim contribution among them, regardless of whether the action is grounded in tort or breach of contract, whether the culpable parties are judgment-debtors, and whether the respective liabilities arise from the same or different legal theories.

31. Dr. Murray and Dr. Baum are each subject to liability for the same alleged injuries and damages claimed by Plaintiff in the Complaint.

32. If Plaintiff sustained the damages alleged in the Complaint, and if Dr. Murray is adjudged liable to Plaintiff therefor, such damages were caused, in whole or in part, by the culpable conduct of Dr. Baum, and any liability of Dr. Baum would be attributable in whole or in part to the culpable conduct of Dr. Baum and not to any culpable conduct of Dr. Murray.

33. By reason of the foregoing, in the event Dr. Murray is held liable to Plaintiff in any sum, Dr. Murray is entitled to contribution from Dr. Baum pursuant to CPLR § 1401 in an amount proportionate to Dr. Baum's relative culpable conduct.

**WHEREFORE,** Dr. Murray respectfully demands judgment against Dr. Baum, together with an award for the costs and disbursements of this action and any reasonable attorneys' fees incurred in this action and such other and further relief this Court deems just and proper under the circumstances.

Dated: New York, New York
September 8, 2026

Daniel A. Lindenfeld
Attorney and Counselor At Law

By: ______________________

Daniel A. Lindenfeld
One Battery Park Plaza
31st Floor
New York, New York 10004
Tel. (646) 380-0472
*Attorneys for Defendant*
*Michael Murray, M.D.*