UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FEDERAL EXPRESS CORPORATION

Plaintiff,

**Case No.: 1:26-cv-02859-JPO**

-against-

IKHILOV LAW GROUP, P.C. d/b/a IKHILOV & ASSOCIATES;
ZORIK "ERIK" IKHILOV;
(*Legal Services Providers*)

STAND-UP MRI OF MANHATTAN, P.C.;
NEXRAY MEDICAL IMAGING, P.C. d/b/a SOUL RADIOLOGY;
FAST CARE MEDICAL DIAGNOSTICS, PLLC;
(*Radiology Providers*)

NYC CARE PT, P.C.;
GRAIG GRANOVSKY CHIROPRACTIC P.C.;
APEX MEDICAL P.C.;
COMPLETE CARE CHIROPRACTIC OF HARTSDALE, P.C. d/b/a COMPLETE CARE CHIROPRACTIC;
MACINTOSH MEDICAL, P.C.;
RUTLAND MEDICAL, P.C.;
(*Gatekeeper Providers)*

NEW YORK PAIN MANAGEMENT GROUP, PLLC
CONRAD F. CEAN, M.D.;
ARDEN M. KAISMAN, M.D.;
NEW YORK PM ASSOCIATES, INC.;
ROCKLAND PAIN MANAGEMENT OF SPRING VALLEY, P.C.;
(*Pain Management Providers*)

ORTHOPAEDICS SPINE & SPORTS MEDICINE, LLC d/b/a TOTAL ORTHOPAEDICS & SPORTS MEDICINE;
ALEXIOS APAZIDIS, M.D.;
BAY RIDGE ORTHOPEDIC ASSOCIATES, P.C.
MICHAEL MURRAY, M.D.
WILLIAM L. KING, M.D., P.C. d/b/a NYC ORTHOPEDIC GROUP;
WILLIAM L. KING, M.D.;
(*Surgical Providers*)

**ANSWER TO THIRD-PARTY COMPLAINT**

INTEGRATED SPECIALTY ASC LLC;
ALL CITY FAMILY HEALTHCARE CENTER, INC.;
(*Ambulatory Surgery Center Providers*)

JOHN DOES 1–50;

Defendants.

-------------------------------------------------------------------X

MICHAEL MURRAY, M.D.,

Defendant and Third-Party Plaintiff,

-against-

HOWARD BAUM, M.D.,

Third-Party Defendant.

-------------------------------------------------------------------X

Third-Party Defendant HOWARD BAUM, M.D. ("Dr. Baum"), as and for his answer to Third-Party Plaintiff MICHAEL MURRAY, M.D.'s ("Dr. Murray") third-party complaint ("Plaintiffs"), responds as follows:

1. Admits the allegations in paragraph 1 of the Third-Party Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Third-Party Complaint, upon information and belief.

3. Admits the allegations in paragraph 3 of the Third-Party Complaint.

4. Admits the allegations in paragraph 4 of the Third-Party Complaint to the extent it is alleged that Dr. Baum is the owner of Defendant Bay Ridge Orthopedic Associates, P.C. ("Bay Ridge").

5. Admits the allegations in paragraph 5 of the Third-Party Complaint to the extent it is alleged that Dr. Murray rendered services to patients as an independent contractor at Bay Ridge.

6. Admits the allegations in paragraph 6 of the Third-Party Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Third-Party Complaint.

8. Admits the allegations in paragraph 8 of the Third-Party Complaint.

9. Admits the allegations in paragraph 9 of the Third-Party Complaint.

10. Admits the allegations in paragraph 10 of the Third-Party Complaint.

11. Admits the allegations in paragraph 11 of the Third-Party Complaint to the extent it is alleged that in the case brought by Federal Express, Dr. Murray is alleged to have performed surgeries that were not medically necessary.

12. Admits the allegations in paragraph 12 of the Third-Party Complaint.

13. Denies the allegations in paragraph 13 of the Third-Party Complaint.

14. Admits the allegations in paragraph 14 of the Third-Party Complaint.

15. Admits the allegations in paragraph 15 of the Third-Party Complaint.

**FIRST CAUSE OF ACTION AGAINST**
**DR. BAUM FOR INDEMNIFICATION**

16. As to paragraph 16 of the Third-Party Complaint, Dr. Baum repeats, reiterates and realleges the admissions and denials of the allegations contained in paragraphs 1 through 15 with the same force and effect as if more fully set forth herein.

17. Denies the allegations in paragraph 17 of the Third-Party Complaint.

18. Denies the allegations in paragraph 18 of the Third-Party Complaint.

19. Denies the allegations in paragraph 19 of the Third-Party Complaint.

20. Denies the allegations in paragraph 20 of the Third-Party Complaint.

21. Denies the allegations in paragraph 21 of the Third-Party Complaint.

**SECOND CAUSE OF ACTION AGAINST**
**DR. BAUM FOR CONTRIBUTION**

22. As to paragraph 22 of the Third-Party Complaint, Dr. Baum repeats, reiterates and realleges the admissions and denials of the allegations contained in paragraphs 1 through 21 with the same force and effect as if more fully set forth herein.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Third-Party Complaint.

24. The allegations in paragraph 24 of the Third-Party Complaint state conclusions of law to which no response is required. To the extent a response is required Dr. Baum denies such allegations.

25. Admits the allegations in paragraph 25 of the Third-Party Complaint.

26. Admits the allegations in paragraph 26 of the Third-Party Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Third-Party Complaint.

28. Denies the allegations in paragraph 28 of the Third-Party Complaint.

29. Denies the allegations in paragraph 29 of the Third-Party Complaint.

30. The allegations in paragraph 30 of the Third-Party Complaint state conclusions of law to which no response is required. To the extent a response is required Dr. Baum denies such allegations.

31. Denies the allegations in paragraph 31 of the Third-Party Complaint.

32. Denies the allegations in paragraph 32 of the Third-Party Complaint.

33. Denies the allegations in paragraph 33 of the Third-Party Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

34. The Third-Party Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

35. Third-Party Plaintiff failed to mitigate, obviate, diminish and/or otherwise reduce its damages, if any, alleged in the Third-Party Complaint.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

36. The allegations contained within the Third-Party Complaint are barred by the doctrines of waiver and estoppel.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

37. The allegations contained within the Third-Party Complaint are barred by the doctrine of laches.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

38. If the Third-Party Plaintiff sustained the damages set forth in the Third-Party Complaint, then such damages were sustained in whole or part by the conduct of third person(s) or entity(ies) for whose conduct, intentional or otherwise, Third-Party Defendant was not responsible.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

39. If the Third-Party Plaintiff suffered any damages, such damages were caused by his own actions and/or inactions.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

40. Third-Party Defendant reserves the right to assert additional affirmative defenses as such are determined during the course of this litigation

**PRAYER FOR RELIEF**

WHEREFORE, Third-Party Defendant respectfully requests that Third-Party Plaintiff's Third-Party Complaint be dismissed in its entirety and that Third-Party Defendant have such other and further relief as to this Court may deem just and equitable.

Dated: Garden City, New York
October 1, 2026

Law Offices of Kenneth L. Kutner

Kenneth L. Kutner, Esq.
*Attorney for Defendant Bay Ridge Orthopedic Associates, P.C. and Third-Party Defendant Howard Baum, M.D.*
200 Garden City Plaza, Suite 315
Garden City, New York 11530
(516) 455-8755
kkutner@kenkutner.com