THE STANDARD
THE WILLIS LAW GROUP
IN DEFENSE

October 9, 2026

The Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: No. 1:26-cv-02859-JPO; *Federal Express Corporation v. Ikhilov Law Group, P.C., et al*; United States District Court for the Southern District of New York**

Dear Judge Oetken:

We represent Plaintiff Federal Express Corporation in the referenced matter and respectfully request a limited modification of the Court's order staying discovery pending resolution of the anticipated motions to dismiss.

Since the Court issued a stay on all discovery, Defendant/Third-Party Plaintiff Michael Murray, M.D ("Dr. Murray") answered the Complaint without challenging the sufficiency of the pleadings through a Rule 12 motion and in turn served a Third-Party Complaint against Third Party Defendant Dr. Howard Baum, ("Dr. Baum"), a party not previously named to the suit. Dr. Baum answered the Third-Party Complaint served by Murray and elected not to challenge the sufficiency of those pleadings.

Plaintiff now seeks leave to immediately serve document requests, interrogatories, requests for admission, on the answering parties and to depose Defendant/Third-Party Plaintiff Michael Murray, M.D., and Third-Party Defendant Dr. Howard Baum.

Importantly, Plaintiff does not seek wholesale lifting of the stay and does not seek discovery from defendants pursuing dismissal motions at this time. Modification of the court's previous order staying all discovery is appropriate at this time, given the change in the parties' posture since the issuance of the order and stay. Subsequent pleadings and the now-defined motions permit a more focused assessment of what discovery remains necessary. Modification of the stay is a proper exercise of the court's discretion and "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *New York by James v. Puff Bar*, No. 25-CV-01445 (MMG), 2025 WL 2607635, at *1 (S.D.N.Y. Aug. 29, 2025). Under the existing case law and authorities, all due factors and circumstances affecting the present litigation, are in favor of Plaintiff's request.

When the Court entered the stay, no defendant had answered the Complaint, and the Court was addressing a procedural posture in which motions to dismiss were anticipated across the case. Since that time, Dr. Murray has answered, asserted crossclaims, and filed a third-party complaint. Third-Party Defendant Dr. Howard Baum answered the third-party complaint. The circumstances now before the Court therefore differ materially from those that existed when the stay was entered.

The decision to continue or lift a stay is a matter within the court's discretion, and the court should keep in mind the factors it considered in ordering the stay in the first place. *Puff Bar, 2025 WL 2607635, at *1.*

Courts in this district have repeatedly recognized that discovery does not automatically stop upon the filing of a motion to dismiss. In *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013), the court explained that discovery should not be stayed automatically as a matter of course simply because a motion to dismiss has been filed but rather, issuance of a  stay requires good cause under Rule 26(c).

The same principle was recognized in *Brooks v. Macy's, Inc.*, No. 10-CV-5304, 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010), which observed that the pendency of a motion to dismiss does not automatically stay discovery. Rather, the Court should consider the following factors when determining the issuance—as well as the continuance—of a stay: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Puff Bar*, 2025 WL 2607635, at *1; Brawer v. Egan-Jones Ratings Co., 348 F.R.D. 182, 185 (S.D.N.Y. 2025)

Southern District precedent has deemed it appropriate to lift a stay on discovery when: (1) a discovery stay is not warranted because there is no dispositive motion pending that could dispose the entire action; or (2) the discovery should proceed because some claims will necessarily survive pending motions to dismiss. *Puff Bar, 2025 WL 2607635, at *1.*

The above stated principles support modification here because Plaintiff seeks to begin discovery against the answering parties, who are procedurally distinct from the parties whose motions are currently pending. This case will continue as to those answering parties irrespective of the outcome of the pending motions. Moreover, Plaintiff's request is restricted, at this moment, to the stay only as to the answering parties only, and the narrow scope of this discovery, including depositions, is minimally burdensome to parties with pending motions.[1]

Even if the Court had an initial basis supporting a stay pending the court's determination on anticipated motions to dismiss, these justifications do not bear on the unrelated answering parties.

---

[1] Importantly, the moving defendants burden is not increased as Plaintiff's action will continue against Defendant Dr. Murray and third-party Defendant Dr. Baum regardless of the outcome of the pending motions because they will likely be obligated to comply with similar discovery demands, either as parties or non-parties.

Plaintiff alleges that Dr. Murray was one of the participants in a broad scheme, along with the moving defendants, involving common enterprise, conspiracy, referral relationships, and coordinated conduct. However, there is a relevant procedural distinction between the moving defendants, and the answering parties. Unlike the moving defendants, Dr. Murray elected not to challenge the pleading. Dr. Howard Baum likewise joined issue and submitted himself to merits discovery. Accordingly, as there is currently no pending motion presented by either Drs. Murray or Baum, commencement of discovery as to these answering parties would be appropriate at this time.

Additionally, Plaintiff requests document discovery from Dr. Murray. Judicial economy favors advancing discovery on the claims against him rather than allowing other defendants' pending motions to delay the action as a whole. Maintaining a blanket stay unfairly extends the practical effect of those motions to Plaintiff's claims against an answering defendant who has not sought dismissal, causing unnecessary delay even in the portions of the litigation that are proceeding. Plaintiff therefore requests production by October 20, 2026, sufficiently before Dr. Murray's deposition on or before October 23, 2026, to permit review of the documents and an informed examination.

The prejudice is magnified because Plaintiff seeks targeted discovery from a defendant who will remain in the case regardless of the outcome of the motions. Discovery directed at Dr. Murray will be relevant to the continuing aspects of the action irrespective of the outcome of defendant. Even if some claims or parties are narrowed through Rule 12 practice, Dr. Murray's treatment decisions, communications, records reviewed, referral relationships, compensation arrangements, and allegations against third parties will remain central topics for discovery. The requested relief therefore advances efficiency rather than undermines it.

Considering the totality of the circumstances, and the current posture of the case, stay of discovery would unduly impede the progress of this lawsuit, and so Plaintiff respectfully submits that good cause exists to modify the stay.

Pursuant to the Court's Individual Rules, Plaintiff undertook a good-faith effort to meet and confer regarding the relief requested herein before seeking Court intervention. Because this action involves numerous defendants represented by separate counsel, Plaintiff initiated the meet-and-confer process by email in an effort to efficiently obtain each party's position regarding the limited modification of the discovery stay requested herein. In that correspondence, Plaintiff expressly advised all parties that it was available to participate in a telephonic conference should any party wish to discuss the issue further. The correspondence also advised that a non-response would be presented to the Court as declining consent to Plaintiff's request. To date, no party has requested a telephonic conference or otherwise responded to Plaintiff's request. Accordingly, the parties are unable to reach agreement regarding the requested relief, necessitating the present application.

We thank the Court for its time and consideration.

Respectfully,

*/s/ William J. Clay*
William J. Clay