RMF
RUSKINMOSCOUFALTISCHEK P.C.
Smart Counsel. Straight Talk.

Writer's Direct Dial: (516) 663-6635
Writer's Direct Fax: (516) 663-6835
Writer's E-Mail: ncerullo@rmfpc.com

October 15, 2026

**VIA ECF**
Honorable J. Paul Oetken
United States District Court
for the Southern District of New York
40 Foley Square, Courtroom 706
New York, New York 10007

Re: *Federal Express Corporation v. Ikhilov Law Group, P.C., et al.*
Case No. 1:26-cv-02859-JPO

Dear Judge Oetken:

We represent defendant Stand-Up MRI of Manhattan, P.C. ("Stand-Up") in the above-referenced action. On behalf of Defendants/Cross-Claim/Third-Party Defendants Stand-Up MRI of Manhattan, P.C., Complete Care Chiropractic of Hartsdale, P.C. d/b/a Complete Care Chiropractic of Hartsdale, P.C., Rockland Pain Management of Spring Valley, P.C., Fast Care Medical Diagnostics, PLLC., Conrad Cean, M.D., New York Pain Management Group, PLLC, New York Pain Management Associates, Inc., Nexray Medical Imaging, P.C. d/b/a Soul Radiology, Arden Kaisman, M.D., Bay Ridge Orthopedic Associates, P.C., All City Family Healthcare Center, Inc., Alexios Apazidis, M.D., and Howard Baum, we respectfully submit this letter in opposition to plaintiff Federal Express Corporation's ("Plaintiff") October 9, 2026 letter (Dkt. No. 106) motion seek to modify the Court's prior Order staying all discovery pending the outcome of the respective motions to dismiss (the, "Motion").

On July 6, 2026, this Court stayed all discovery pending the anticipated motions to dismiss. (Dkt. No. 65, Text Order). Those motions are no longer anticipated; they have now been filed with this Court. On August 31, 2026, the Medical Defendants (as defined in that motion) filed their joint omnibus motion to dismiss the Complaint in its entirety (Dkt. No. 89), and the Legal Defendants (defined in that motion) separately moved to dismiss the same day (Dkt. No. 90). Plaintiff, nonetheless, asks the Court to carve Dr. Michael Murray and Dr. Howard Baum out of the stay and to compel document production by October 20, 2026 and Dr. Murray's deposition by October 23, 2026. (Mot. at 3.) Plaintiff's own authority holds that a stay is lifted only where *no* dispositive motion is pending or claims will *necessarily* survive. Neither is true here. The Motion should be denied.

## I. The Stay Was Proper When Entered and Is Even More Warranted Now

Although this Court has already Ordered a stay of all discovery in this matter, courts generally consider the following when imposing a stay pending a motion to dismiss: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation omitted). A stay is appropriate where the motion "appear[s] to have substantial grounds" or "do[es] not appear to be without foundation in law." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (citation omitted). Every factor favors leaving the Court's prior Order staying all discovery untouched. *First*, the pending motions present substantial, purely legal challenges to every claim: the Medical Defendants contend that Plaintiff lacks RICO standing and fails to plead an enterprise, a pattern, predicate acts, or a conspiracy, and that the state-law claims fail or should be dismissed under 28 U.S.C. § 1367(c)(3). (*See generally* Dkt. No. 89); *see United States v. County of Nassau*, 188 F.R.D. 187, 188 (E.D.N.Y. 1999) (staying discovery where motion raised a question of law that could dispose of the entire action). *Second*, the discovery at issue arises from a 92-page Complaint alleging an enterprise spanning from at least April 2017 to October 2025. (Dkt. No. 1). Accordingly, the pure "breadth" of discovery, even with Plaintiff's pretextual guise of "limited modification" of this Court's Order, would be extraordinarily voluminous, making it difficult to "limit" discovery in the first instance. *Third*, Plaintiff identifies no prejudice beyond delay, and "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Spencer Trask Software and Info. Servs., LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (citation omitted). By contrast, the cost of discovery "would be an unnecessary expense in the event that [the] motion to dismiss is ultimately granted." *County of Nassau*, 188 F.R.D. at 189.

## II. Plaintiff's Own Authorities Confirm That the Stay Must Continue

Plaintiff relies on *New York v. Puff Bar* for the proposition that courts in this District will lift a stay where "(1) . . . there is no dispositive motion pending that could dispose the entire action; or (2) . . . some claims will necessarily survive pending motions to dismiss." (Mot. at 2, citing *New York by James v. Puff Bar*, No. 25-cv-01445 (MMG), 2025 WL 2607635, at 2 (S.D.N.Y. Aug. 29, 2025)). Yet, neither condition exists here. As mentioned, two sets of dispositive motions are pending, and together they challenge every claim. Nor will any claim "necessarily survive." Plaintiff pursues Dr. Murray on the theory that he participated "along with the moving defendants" in a common enterprise and conspiracy (Mot. at 3), and the legal sufficiency of that very enterprise and conspiracy is squarely before the Court. Dr. Murray's own decision to interpose an answer does not convert a deficiently pleaded RICO theory into a viable one. Plaintiff's remaining cases

point the same way. *Hong Leong*, which Plaintiff cites for the proposition that stays are not automatic (Mot. at 2), *granted* the stay, concluding that "discovery should be stayed pending disposition of the motion to dismiss." 297 F.R.D. at 75. *Brooks* and *Brawer* merely supply the same three-factor test that, as shown above, favors the stay, and *Puff Bar*, as Plaintiff quotes it, directed the court to "keep in mind the factors it considered in ordering the stay in the first place." (Mot. at 2.) Those factors (multiple dispositive motions in a sprawling, multi-defendant RICO action) have only grown stronger since this Court's prior Order on July 6.

**III. A Piecemeal Carve-Out Would Burden Defendants and Invite Duplicative Discovery**

Plaintiff's premise that Drs. Murray and Baum are "procedurally distinct" from the moving defendants (Mot. at 2) collapses on Plaintiff's own allegations. As alleged in the Complaint, Dr. Murray treated patients of moving defendant Bay Ridge Orthopedic Associates, P.C. as an independent contractor, the surgeries at issue were performed on patients referred by Dr. Baum and Bay Ridge. (Dkt. No. 1, ¶¶ 4-5, 12, 14.) Plaintiff seeks discovery into Dr. Murray's "referral relationships, compensation arrangements, and allegations against third parties" (Mot. at 3), which is merely discovery of all the Defendants by another name, and Plaintiff even concedes that the Defendants "will likely be obligated to comply with similar discovery demands." (Mot. at 2 n.1). The moving defendants would, therefore, have to attend depositions and review productions now to protect their interests (the precise burden the Court's prior stay prevents) or face repeat depositions later. Courts in this District decline such partial stays because they breed duplication. *See Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1141 (S.D.N.Y. 1995) (finding it "more efficient to grant a complete stay as to all defendants rather than only a partial stay," because a partial stay "could lead to duplicative discovery efforts"); *Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 41-42 (S.D.N.Y. 1993) (same). Plaintiff's compressed timetable (production in eleven days and a deposition three days later) only magnifies the prejudice to the Defendants.

Accordingly, the instant Defendants respectfully request that the Court deny Plaintiff's Motion in its entirety and order that the July 6, 2026 stay of discovery remain in full force pending resolution of the motions to dismiss We appreciate the Court's time and consideration.

Respectfully submitted,

*/s/ Norman R. Cerullo*

Norman R. Cerullo
For the Firm